UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM T., Jr.[1],

       Plaintiff,

   v.                                                                           1:21-CV-94 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## DECISION AND ORDER

Plaintiff William T., Jr., brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Child Disability Insurance Benefits and Supplemental Security Income ("SSI"), both filed on February 19, 2015.[2]  Tr. 99.[3]  Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ").  Tr. 43-68.  On July 11, 2017, ALJ Paul Georger issued a decision finding that Plaintiff was not disabled.  Tr. 8-27.  Plaintiff's request for Appeals Council ("AC") review was denied, after which Plaintiff commenced an action in the United Stated District Court for the Western District of New York.  Tr. 575-578.  On December 26, 2019, the District Court issued a decision and order remanding Plaintiff's claim for a new hearing.  Tr. 612-624; *Thiboult v. Comm'r of Soc. Sec.*, No. 1:18-CV-822, 2019 WL 7183419 (W.D.N.Y. Dec. 26, 2019).  On January 27, 2020, the AC issued a Notice of Order of Appeals Council Remanding Case to Administrative Law Judge.  Tr. 625-627.

On June 16, 2020, Plaintiff again appeared before ALJ Georger.  Tr. 520-547.  On September 29, 2020, ALJ Georger issued an unfavorable decision.  Tr. 496-519.  Plaintiff timely commenced this action.  Dkt. 1.

---

[2] To receive child benefits on the earning record of an insured person, claimant must show that he meets the criteria outlined in 20 C.F.R. § 404.350(a)(1)-(5).  SSI "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level."  *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).  The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning SSD), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 6 are hereby denoted "Tr. __."

## LEGAL STANDARDS

### I.   District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   <u>Disability Determination</u>

Disability under the Act is determined under a five-step test.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit.  20 C.F.R. §§ 404.1572, 416.972.  If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability.  *Id.* §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Absent such impairment, the claimant may not claim disability.  *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If such criteria are met, then the claimant is declared disabled.  *Id.* §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's

4

ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ determined that Plaintiff had not attained age 22 as of December 19, 2012, the alleged onset date. Tr. 500. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since his onset date. *Id.* The ALJ found that Plaintiff suffered from the following severe impairments: migraine headaches,

disorder of the spine, anxiety disorder, and intellectual disorder. *Id.* The ALJ

concluded that Plaintiff's severe impairments did not meet or medically equal one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 501.

After considering the entire record, the ALJ determined that Plaintiff had the

RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)

with the following limitations:

> can occasionally climb ramps and stairs, ladders, ropes or
> scaffolds. [Plaintff] can occasionally balance, stoop, kneel, crouch
> and crawl. [Plaintiff] can perform simple, routine and repetitive
> tasks and make simple, work-related decisions.

Tr. 503-504.[4]

The ALJ found that Plaintiff had no past relevant work. Tr. 509. But the

ALJ concluded that Plaintiff was not disabled because his age, education, work

experience, and RFC allowed him to perform jobs existing in significant numbers in

the national economy. Tr. 510. The ALJ concluded that Plaintiff had not been

under a disability since his alleged onset date of December 19, 2012. Tr. 511.

---

[4] Light work involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying
> of objects weighing up to 10 pounds. Even though the weight lifted may
> be very little, a job is in this category when it requires a good deal of
> walking or standing, or when it involves sitting most of the time with
> some pushing and pulling of arm or leg controls. To be considered
> capable of performing a full or wide range of light work, you must have
> the ability to do substantially all of these activities. If someone can do
> light work, we determine that he or she can also do sedentary work,
> unless there are additional limiting factors such as loss of fine dexterity
> or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

## II.   <u>Plaintiff's Arguments</u>

Plaintiff argues that the ALJ did not properly evaluate the opinion of treating source, Glen Smith, M.D.  Dkt. No. 8 at 11-15.  Plaintiff also argues that the ALJ erred in formulating an RFC absent a medical opinion.  *Id.* at 15-19.

## III.   <u>Analysis</u>

### A. Treating Source Glen Smith, M.D.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).[5]  When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008).  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).  Those factors, referred to as "the *Burgess* factors," are: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist."  *Estrella*, 925 F.3d at 95-96 (citation omitted); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  A reviewing court may remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record

---

[5] Effective March 27, 2017, many of the regulations cited herein have been amended.  Nonetheless, because Plaintiff's application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations.

shows that the ALJ has provided "good reasons" for its weight assessment. *Id.* at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician's opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned.").

On November 14, 2017, Dr. Smith completed a "Medical Report for Determination of Disability" form for the Department of Social Services. Tr. 837-838. He listed Plaintiff's diagnoses as low back pain and anxiety disoder. Tr. 837. Dr. Smith indicated that Plaintiff could not perform even sedentary work, writing "when he lifts he gets severe back pain." *Id.* Dr. Smith also wrote that Plaintiff experiences "chronic back pain with bending [and] back extension." *Id.* Under the heading of "extremities," Dr. Smith checked the box "normal." *Id.* When asked if Plaintiff had "marked restriction of daily activity," the doctor checked "no." Tr. 838. When asked to indicate abnormalities, Dr. Smith noted that Plaintiff had back pain with palpation, flexion, and extension. *Id.*

When asked if Plaintiff could "do usual work," Dr. Smith answered "no." Tr. 838. When asked if Plaintiff could "do any other type of work," the doctor answered "no." *Id.* Dr. Smith stated that it was "unlikely" Plaintiff would be expected to recover. *Id.*

The ALJ afforded Dr. Smith's opinion "little weight." Tr. 508. In making his determination, the ALJ acknowledged that Dr. Smith was Plaintiff's treating source with a longitudinal treatment history. *Id.* The ALJ concluded that controlling

8

weight was not warranted because the opinion was not supported by objective evidence and treatment records. *Id.* The ALJ further reasoned the opinion was internally inconsistent. *Id.* Specifically, the ALJ noted that Dr. Smith opined Plaintiff could not perform any exertional demands; however, the doctor also noted that Plaintiff's extremities were normal. *Id.* The ALJ relied on treatment notations showing mild findings, improvement with treatment, and an X-ray indicating mild findings. *Id.* The ALJ also noted that Plaintiff received conservative treatment. *Id.* Lastly, the ALJ concluded that the opinion was inconsistent with Plaintiff's reported activities of daily living, including his ability to perform work during the period in question. *Id.* Overall, the ALJ concluded that the opinion was based primarily on Plaintiff's subjective reports, not supported by objective findings or other medical sources, and the opinion was provided at the request of the Department of Social Services which utilizes a different disability standard than the Social Security Administration. *Id.*

In general, Plaintiff asserts that the ALJ failed to provide good reasons in affording Dr. Smith's opinion "little weight." Dkt. No. 8 at 13-15. First, Plaintiff argues that the ALJ relied on his own lay interpretation of medical evidence in concluding that Dr. Smith's opinion was not supported by objective evidence such as gait, strength, sensation, and range of motion. *Id.* at 13-14.

The regulations direct ALJs to evaluate the medical evidence supporting the opinion and the consistency of the opinion with medical evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ did just that here. In weighing Dr. Smith's

opinion, the ALJ properly considered the doctor's objective observations of "mild" findings and Plaintiff's reports on examinations. Tr. 508. Indeed, in 2016 Plaintiff denied musculoskeletal symptoms. Tr. 456, 460. When Plaintiff did present to Dr. Smith with complaints of low back pain, an examination revealed normal muscle strength, and X-ray results were "unremarkable". Tr. 472. Plaintiff complained of low back pain when lifting "anything heavy," informed Dr. Smith the pain occurred "only once in a while," and that he had "good relief with the ibuprofen." Tr. 477. Dr. Smith noted Plaintiff's reports of low back pain "mainly with flexion and extension," and he referred Plaintiff to an orthopedic specialist, but Plaintiff did not follow-up. Tr. 489.

A spinal examination in 2019, revealed no swelling, edema, or erythema of surrounding tissue; no muscle spasm; normal strength and tone; no laxity or crepitus; normal spine movements; normal sensation; no known fractures or deformities; and normal posture and gait. Tr. 875. Plaintiff was advised to use heat and ice, gentle stretching, and Plaintiff declined a prescription for ibuprofen. *Id*. In 2020, Plaintiff displayed normal posture and gait, and had normal strength in all muscles. Tr. 871. Therefore, the ALJ properly compared Dr. Smith's opinion to objective medical evidence contained in treatment notations. *See Kennedy v. Astrue*, 343 F. App'x 719, 721 (2d Cir. 2009) (ALJ properly concluded that the treating source's limitations were not corroborated by treatment notes).

Second, Plaintiff argues that the ALJ erred in relying on Plaintiff's activities of daily living in affording Dr. Smith's opinion less than controlling weight. Dkt.

No. 8 at 14.  Contrary to Plaintiff's assertion, the ALJ did not equate Plaintiff's ability to perform daily activities with the ability to work on a continuous basis.  *Id.* The ALJ noted that Dr. Smith's opinion—that Plaintiff could not lift any weight— was inconsistent with Plaintiff's ability to work for a temporary period of time and perform activities such as cooking.  Tr. 508.  Further inconsistent with Dr. Smith's opinion was Plaintiff testimony that he could lift up to 25 pounds and walk up to one mile.  Tr. 531-537.  Therefore, the ALJ did not err in concluding that Dr. Smith's opinion was inconsistent with Plaintiff's reported daily activities.  *See Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48-49 (2d Cir. 2021) (in affording treating source less than controlling weight, the ALJ relied on gaps in treatment, improvement with treatment, and plaintiff's activities of daily living); *see also Roma v. Astrue*, 468 F. App'x 16, 20 (2d Cir. 2012) (the ALJ relied on plaintiff's ability to perform the activities of daily living in assigning less than controlling weight to treating source).

Third, Plaintiff argues that the ALJ erred in discounting Dr. Smith's opinion because it was based on Plaintiff's subjective complaints.  Dkt. No. 8 at 15.  To be sure, a plaintiff's subjective complaints are "an essential diagnostic tool."  *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003).  However, the opinion of a treating source need not be given controlling weight when it is not consistent with other substantial evidence in the record.  *Reilly v. Comm'r of Soc. Sec.*, No. 21-8-CV, 2022 WL 803316, at *2 (2d Cir. Mar. 17, 2022).  The doctor's reliance on Plaintiff's subjective reports, as opposed to objective medical evidence, was an adequate

reason to afford the opinion less than controlling weight. *Reilly*, 2022 WL 803316 at *2.

Finally, Plaintiff argues that the ALJ improperly afforded Dr. Smith's opinion less than controlling weight based on its format. Dkt. No. 8 at 15. As stated by Plaintiff, the purpose for which an opinion is provided is not a legitimate basis for evaluating the reliability of a report. *Id.*, citing *Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 n.2 (2d Cir. 2010).

Here, however, the ALJ correctly noted that the Department of Social Services uses a different standard in evaluating disability than the Social Security Administration. Tr. 508. Indeed, the form completed by Dr. Smith contained broad questions concerning Plaintiff's ultimate disability status, such as whether Plaintiff was able to "do usual work" and "do other type of work." Tr. 838. The ALJ did not err in affording these statements less than controlling weight.

As noted by the ALJ, the Department of Social Services uses different standards to evaluate an individual's ability to work. Further, statements that a plaintiff is disabled or unable to work are reserved to the ALJ. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Therefore, the ALJ did not err in considering that Dr. Smith provided opinions regarding Plaintiff's ultimate disability status at the request of a different agency.

In sum, the ALJ properly weighed Dr. Smith's opinion and substantial evidence supported the ALJ's determination. In evaluating the doctor's opinion, the ALJ provided good reasons for affording the opinion less than controlling weight,

specifically, the ALJ noted the opinion was not consistent with objective treatment observations, that it was not supported by Plaintiff's treatment history, that it was internally inconsistent, that it was based on Plaintiff's subjective reports, and that it was not consistent with Plaintiff's activities.

### B. RFC Absent a Medical Opinion

In general, a plaintiff's RFC is the most he can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* §§ 404.1546(c), 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").

Plaintiff argues that the ALJ committed legal error in formulating an RFC "divorced from the physical opinion evidence." Dkt. No. 8 at 15. Plaintiff's argument fails. Instead, an ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Therefore, the ALJ did not commit legal error in formulating and RFC absent a medical opinion.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:        August 9, 2023
              Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE